[Civ. No. 3141.  Second Appellate District, Division Two.—March 16, 1921.]

## W. H. CRANE et al., Appellants, v. S. BLATT, Respondent.

[1] CONTRACTS—PURCHASE OF MERCHANDISE—PROMISE TO PAY—EVIDENCE—FINDINGS.—The fact that the contract for the purchase of certain merchandise, in reciting the terms of payment, following the agreement to buy the goods, stated that a specified sum was to be paid by a third party did not justify a finding, in an action by the seller against the buyer to recover said sum, that the agreement contained no promise on the part of the buyer to pay said sum.

APPEAL .from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

J. F. Keogh, C. C. Mishler and Frank H. Snyder for Appellants.

Harry Lyons for Respondent.

WORKS, J.—The parties to this action entered into a contract whereby appellants agreed to sell to respondent, the party of the second part therein, certain fixtures and other articles and a certain stock of merchandise.  The sum of twelve hundred dollars was to be paid for the fixtures and the other articles mentioned. [1] The following part of the agreement related to the merchandise: "Said party of the second part does hereby agree to buy the above goods as stated above and does agree to pay for same as follows: $300.00 to be paid upon the taking of the invoice and $1,000.00 to be paid by E. L. Weaver, the balance to be paid by notes to be payable $200.00 or over each month from date of sale." Respondent paid all the amounts mentioned in the agreement except the thousand dollars, and this action was commenced to enforce a collection of that sum.  Judgment went for the defendant and the plaintiffs appeal.

The trial court made several findings of fact based upon the view that the agreement contained no promise on the part of respondent to pay the thousand dollars, and it is insisted by appellant that those findings are not supported by the evidence.

The paragraph which we have above quoted commences with the statement that respondent agrees to buy the goods and agrees to pay for them "as follows." The items thus agreed to be paid were three hundred dollars, one thousand dollars, and certain notes. The fact that it was also stated that the thousand dollars was to be paid by Weaver is of no consequence. Weaver was not a party to the contract and therefore not a promisor under it; but respondent was. The mention of the thousand dollars in the paper is entirely out of place, except upon the theory that respondent was to pay it. Moreover, to conclude where we began, it is listed under respondent's express promise to pay. The clause in question is, in effect, only this: "I agree to pay you one thousand dollars, to be handed to you for me by E. L. Weaver." The findings in question are not supported by the evidence.

The judgment is reversed.

Finlayson, P. J., and Craig, J., concurred.